IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHERYLEE BRIDGES,<br>Individually and as a Personal<br>Representative of the Estate of<br>Emylee Darneille,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:20-cv-00013-JR<br><br>OPINION AND ORDER |

RUSSO, Magistrate Judge:

Plaintiff, Cherylee Bridges as Personal Representative of Emylee Darneille, brings this action alleging two claims for relief under the Federal Tort Claims Act (FTCA). Plaintiff is the mother of the deceased. Claim one alleges wrongful death and claim two is a survival action. Defendant United States of America moves for summary judgement. For the reasons stated below, the motion should be denied as to both claims.

BACKGROUND

On July 5, 2015 Ms. Darneille, a former cadet in the U.S. Military Academy at West Point, committed suicide while in Spain. The parties generally agree the facts of this case are undisputed. The fact in dispute is where the injury occurred, which led to the death of Ms. Darneille. In June 2008, Ms. Darneille was a cadet at the U.S. Military Academy at West Point. Complaint, (#1) ¶ 11. While on duty, Ms. Darneille sustained an injury to her ankle, which resulted in persistent pain for the next several years. *Id.* ¶ 12, 13. Ms. Darneille underwent numerous surgeries and therapies in an attempt to relieve her physical pain. *Id.* On April 22, 2015, while at the Portland Veterans

Affairs Medical Center ("PMVA") in Portland, Oregon, Ms. Darneille was prescribed sertraline ("Zoloft") to treat her anxiety and depression. *Id.* ¶ 15. On May 4, 2015 Ms. Darneille requested a prescription change from Zoloft to fluoxetine ("Prozac"). *Id.* ¶ 16. Dr. Stacy Gramann, a PMVA physician, changed her prescription to Prozac at 10mg per day and then after seven days increased her prescription to 20 mg per day. *Id.* at ¶¶ 16-17.

On May 28, 2015 Ms. Darneille contacted the PMVA and reported suicidal thoughts and requested an appointment. Declaration of Kris White, Exhibit 1 (#36-1), at p. 16. Ms. Darneille stated that she has felt "worthless" for the past 4-5 years. *Id.* p. 1. She added that within the last few days, she was thinking about hurting herself. *Id.* She attributed the change in behavior/feelings to several "stressors" in her personal life including: (1) lack of structure in daily routine; (2) disordered eating; (3) younger brother was admitted to an inpatient mental health treatment facility for depression and suicidal ideation; (4) father is expecting a new baby; and (5) recent fight with boyfriend. *Id.* pp. 1-2. Ms. Darneille also opined that a recent change in her medication could be a factor. *Id.* Shortly thereafter, Ms. Darneille went to the Veterans Administration Hospital's (VA) emergency room presenting with self-inflicted wounds to her inner left thigh. She was placed on a hospital hold due to suicidal ideation. *Id.* pp. 19-20, 22-23. Ms. Darneille was discharged the following day, following a suicide safety planning meeting. *Id.* p. 4. Ms. Darneille returned to the VA on June 2, 2015 and again on June 9, 2015, where she was encouraged to return for additional treatment. Complaint, (#1) ¶¶ 28-30. During the June 9, 2015 visit with Dr. Cole, a VA psychologist, Ms. Darneille reported that she "has not been happy her entire life." Decl. White, Exhibit 1, p. 9. Additionally, she declined to schedule another appointment with Dr. Cole stating she was not sure she believed that she could change, and that any further appointment "may be a waste of time." *Id.*

Ms. Darneille cancelled her next few appointments and reported that she was leaving for a vacation in Spain. Decl. White at Exhibit 1 (36-1), p. 6, 7; 10, 12. On July 5, 2015 while in Spain Ms. Darneille committed suicide. Complaint, (#1) ¶ 33.

## DISCUSSION

Plaintiff asserts two causes of action: (1) wrongful death; and (2) a survival action. Complaint, (#1) ¶¶ 34-38; 39-43. In support of her wrongful death claim, plaintiff's representative alleges:

> "As a direct and proximate result of the negligence of health care providers at PVMC, for which the United States of America is liable, the Estate of Emylee Darneille, acting through its Personal Representative, seeks all allowable damages pursuant to the Oregon Wrongful Death Act 2017 ORS 30.020, including, but not limited to, compensation for grief, sorrow, mental anguish, loss of society, including companionship, comfort, guidance, kindly offices and advice, and loss of past and future pecuniary damages, including lost wages, loss of household services and funeral expenses."

Complaint (#1) at ¶ 38.

In support of her survival claim, plaintiff's representative alleges:

> "As a result of the negligent treatment rendered to Ms. Darneille by employees, agents and/or representatives of the Defendant, Ms. Darneille suffered pecuniary loss and extreme physical and emotional injuries causing pain and suffering and resulting in her death."

*Id.* at ¶ 42.

The defendant moves for summary judgement as to both claims.

### I.    COUNT I—WRONGFUL DEATH

The plaintiff contends the injury which lead to the death of Ms. Darneille occurred in the United States while she was under the care of Veteran's Affairs employees. Plaintiff alleges this care fell below the appropriate medical and mental health care standards, and but for these omissions/negligence Ms. Darneille's injury and death would not have occurred. Plaintiff's

representative asserts the defendant is liable under the FTCA. The government argues it is immune from this claim due to sovereign immunity.

"[S]overeign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "If Congress so chooses, however, it may waive the United States' sovereign immunity and 'prescribe the terms and conditions on which [the United States] consents to be sued, and the manner in which the suit shall be conducted.'" *Beers v. State*, 61 U.S. 527, 529 (1857). "In 1946, Congress passed the FTCA, a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court.'" *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 304 (1992).

Per the FTCA, a United States Court must apply the law of the state where the alleged tort occurred. *Conrad v. United States*, 447 F.3d 760 (9th Cir. 2009). Under the FTCA, the United States is immune from claims that arise in a foreign county. 28 U.S.C. § 2680(k). This rule is upheld even when negligent or wrongful acts in relation to death or injury occur in the United States. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004).

> "Proximate cause is necessary to connect the domestic breach of duty with the action in the foreign country, for the headquarters' behavior must be sufficiently close to the ultimate injury, and sufficiently important in producing it, to make it reasonable to follow liability back to that behavior. A proximate cause connection is not itself sufficient to bar the foreign country exception's application, since a given proximate cause may not be the harm's exclusive proximate cause." Id. at 693.

Plaintiff's representative alleges plaintiff did not display or express any suicidal ideation or thought of self-harm at any time prior to May 2015. Compl. (#1) at ¶ 14.

Plaintiff's expert opines plaintiff suffered a radical change in her mental state in May 2015 when Dr. Gramann increased her Prozac dosage. Deposition of Joseph Tarantolo, M.D., at p. 20,

Lines 7-19 (Exhibit 1 to the declaration of Hung Suk "Paul" Chung (#39-1) at p. 3). An inference can be drawn that Dr. Gramann attributes harm to plaintiff in the form of suicidal ideation due to the negligence of the PMVA doctors in failing to recognize and address the radical change in plaintiff's mental state. *Id.* at p. 30, Lines 3-22 (#39-1 at p. 5).

An injury "occurs" where it is first suffered, even if a negligent act later results in further or more serious harm. *S.H. by Holt v. United States*, 853 F.3d 1056, 1061–62 (9th Cir. 2017). The issue here is where the alleged harm to plaintiff occurred. *See Id.* at 1062. Based on the opinion of plaintiff's expert, there is an issue of fact as to whether the mental harm resulting from the increased Prozac dosage first impinged upon plaintiff's brain in Portland which then resulted in serious harm in Spain. Thus, a trier of fact could conclude that the harm arose in this country.

Defendant asserts the wrongful death claim comprises a "separate compensable injury resulting from suicide." *Nino v. United States*, 334 F. Supp. 3d 1108, 1114 (S.D. Cal. 2018) (The injury at issue in a wrongful death claim is the loss of a relative and that injury is suffered as the term is used in *Sosa*, where the relative died). However, the cause of action at issue in *Nino* was a direct cause of action for wrongful death in favor of the heirs as beneficiaries, based upon their own independent pecuniary injury. *Horwich v. Superior Ct.,* 21 Cal. 4th 272, 283, 980 P.2d 927, 935 (1999). This is distinct from a cause of action a deceased might maintain had she survived allowing a personal representative to bring a derivative claim on behalf of the decedent's estate. Here, plaintiff's representative brings a derivative cause of action seeking compensation to the estate for the harm caused to the decedent allegedly resulting from defendant's negligence in failing to address the radical change plaintiff suffered to her mental state as a result of the increased medication dosage. Indeed, Oregon's wrongful death statute specifically allows for recovery of damages for disability, pain, suffering and loss of income during the period between injury to the

decedent and the resulting death. Or. Rev. Stat. § 30.075(3).  The statute does not create a cause of action on behalf of a decedent's relatives directly for the loss occurring as a result of the death.

Because there are issues of fact as to whether the harm that impinged upon plaintiff's body in Portland resulted in her death in Spain, defendant's motion for summary judgment as to the wrongful death claim is denied.

## II. COUNT II—SURVIVAL ACTION

Plaintiff asserts that due to the negligent treatment rendered, Ms. Darneille suffered pecuniary loss and extreme physical and emotional injuries causing pain and suffering and resulting in her death. Plaintiff seeks survival damages in the amount of $5,000,000.

This Court has previously construed the wrongful death statute as precluding a survival action for torts that result in death. *Sawyer for Est. of Sawyer v. Cent. Oregon Cmty. Coll.*, 2018 WL 2946417, at *6 (D. Or. Apr. 5, 2018), report and recommendation adopted sub nom. *Sawyer v. Cent. Oregon Cmty. Coll.,* 2018 WL 2946396 (D. Or. June 11, 2018).

Although plaintiff's representative through the survival action seeks damages for pain and suffering from injuries resulting in death, plaintiff may maintain such alternate claims for the time being.  See *Sonsteng v. Dominican Sisters of Ontario, Inc.,* 2007 WL 2984002 at *2 (D. Or. Oct. 9, 2007) ("Concurrent survivor and wrongful death claims at the pleading stage allow for the possibility that actionable negligence caused harm to a decedent before death but was not the ultimate cause of death. Nothing in the plain language of O.R.S. § 30.075 suggests an intent to preclude pleading this in the alternative.").  Accordingly, summary judgment as to this claim is denied as well.

Page **6** – OPINION AND ORDER

## CONCLUSION

Defendant's motion for summary judgement (#35) is denied.

DATED this 6th day of December, 2021.

_/s/ Jolie A. Russo_
Jolie A. Russo
United States Magistrate Judge
